FREDERICK A. DITMARS, PLAINTIFF-RESPONDENT, v. GRAND STORES, INC., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.

Submitted May 21, 1946—Decided October 14, 1946.

For the appellant, *Emanuel Shavick.*

For the respondent, *Bernard Shurkin.*

The opinion of the court was delivered by

COLIE, J.  The question for decision on this appeal is whether the defendant below was accorded the fundamental right of its day in court.

The facts are that the plaintiff brought suit in the District Court to recover damages for the conversion of two suits of clothing which he had left with the defendant to be cleaned and which were destroyed by a fire.  When the suits were left at the defendant's establishment, plaintiff received a printed slip in the nature of a receipt which bore thereon the following: "All goods insured against fire and theft while in our possession."  On the trial plaintiff testified to the delivery of the suits; to his demand for their return and the failure of the defendant to do so because of their destruction in the fire on the premises.  The defendant's proof was directed solely to and established beyond question its freedom from negligence.  The defendant then moved the trial judge for a judgment in favor of defendant on the ground that there was no evidence of negligence on its part.  At this

juncture "the court inquired of plaintiff's counsel for his position and was informed that plaintiff was relying on the contractual obligation on the part of the defendant which the evidence had established. The court denied motion of the defendant for entry of judgment as a matter of law and an exception was taken on behalf of the defendant to said ruling." The court reserved decision and subsequently entered judgment for the plaintiff in the sum of $65. On appeal the Supreme Court affirmed the judgment.

From the above summary of what transpired it is clear that the action was one for conversion of personal property, that the defendant presented a defense thereto which entitled him to a judgment; that the court took the matter under advisement and then entered judgment on the theory of a breach of the contractual obligation arising out of agreement by defendant that "all goods [are] insured against fire and theft while in our possession." The opinion of the District Court Judge states "Accordingly, plaintiff's request to amend is granted" and the opinion of the Supreme Court states that the District Court Judge "granted the bailor's motion to amend his state of demand to conform to the proofs." The state of case settled by the court discloses neither a "request" nor a "motion to amend" and we are bound by the record as so settled.

We are urged to affirm the judgment on the ground that the statute with reference to the power of amendment *R. S.* 2:32–6 justified the action taken. It reads:

"In order to prevent the failure of justice by reason of mistakes and objections of form, any district court or the supreme court on appeal thereto, may at all times, amend all defects and errors in any action or proceeding, whether there is anything in writing to amend by or not, and whether the defect or error be that of the party applying to amend or not, and all such amendments may be made with or without costs, and upon such terms as to the court may seem fit; and all such amendments as may be necessary for the purpose of determining in the existing action the real question between the parties shall be so made."

It should be noted that the legislature has confined this power of amendment to the prevention of the failure of justice "by reason of mistakes and objèctions of form." Here the defendant was haled into court to defend a tort action and a defense was put in on that theory. After the case was closed, the court, *sua sponte,* amended the state of demand to substitute a new and different cause of action to which the defendant had no opportunity to put in a defense.

In *Goodyear Tire and Rubber Co.* v. *Kruvant,* 96 *N. J. L.* 352, the Supreme Court by Mr. Justice Parker pointed out that applications for amendment are addressed to the discretion of the court and the decision is not reviewable and then added: "With this rule, however, goes necessarily the qualification that when an amendment of pleadings opens a new ground of liability or defense not before suggested, to the surprise of the other party, a due regard for the rights of the latter requires that he should have reasonable opportunity to meet the new matter; otherwise, he is liable to be condemned without a hearing in violation of elementary principles of justice and of the express intendment of the fourteenth amendment of the federal constitution."

The amendment of the state of demand substituting a new cause of action made without notice and with no opportunity afforded the defendant to enter a defense constituted a denial of a fundamental right and is reversible error.

The judgment under review is reversed, with costs.

*For affirmance*—HEHER, WACHENFELD, WELLS, RAFFERTY, JJ. 4.

*For reversal*—THE CHIEF JUSTICE, PARKER, DONGES, COLIE, OLIPHANT, DILL, FREUND, McGEEHAN, McLEAN, JJ. 9.