BRIDGET ACAMPORA ET AL. *v.* WILLIAM LEDEWITZ ET AL.

ALCORN, HOUSE, THIM, RYAN and SHAPIRO, Js.

Argued April 7—decided May 19, 1970

*Howard F. Zoarski,* for the appellants (defendants).

*Albert R. Annunziata,* with whom were *Frank Toro, Jr.,* and, on the brief, *Jerrold H. Barnett,* for the appellee (named plaintiff).

No appearance for the appellee (plaintiff Mercury Sportswear, Inc.).

SHAPIRO, J. This is an action in negligence in which Bridget Acampora, hereinafter referred to as the plaintiff, claimed that she was injured as a result of the failure of the defendants properly to maintain a parking lot which they owned in New Haven. The plaintiff was employed in a building owned by the defendants and leased to several businesses, including the plaintiff's employer. A parking lot in front of the building was used by employees working in the building. On her way to take a bus home from work, the plaintiff walked across the defendants' parking lot, where she slipped on some snow and ice and was injured. After a verdict and judgment for the plaintiff the defendants appealed to this court.

The defendants' first and main claim of error is that the court erred in denying their motion for a directed verdict. This motion was grounded on the claim that while the plaintiff alleged that the place of her fall was at a certain location the only evidence adduced at the trial indicated that the fall occurred approximately eighty feet away. The defendants further claim that this variance between the proof and the pleadings was a material one and that they were surprised by the evidence and, because of the changed location, were put at a disadvantage in preparing a defense.

As far as the record indicates, defense counsel did not object to the admission of the plaintiff's testi-

mony as to the place of the fall. Had counsel objected, and if it is assumed that the proof did materially vary from the pleadings, the evidence should have been excluded. *Conti* v. *Brown,* 149 Conn. 465, 468, 181 A.2d 591. At that time the plaintiff would have had an opportunity to request permission to amend her complaint, and the court would have had the opportunity to exercise its discretion as to whether to permit the amendment and, if it was granted, to determine what conditions were necessary to protect the rights of the defendants. Practice Book § 134; *State* v. *Rafanello,* 151 Conn. 453, 457, 199 A.2d 13; James, Civil Procedure §§ 5.4–5.8. Here, where the defendants failed to object to the admission of evidence which was claimed to be at variance with the pleadings, the issue of amending those pleadings was not brought before the court, and thus the defendants have, in effect, waived the objection. Indeed, we have repeatedly held that the proper way to attack a variance is by objection to the admissibility of evidence which varies from the pleadings rather than by a motion to set aside the verdict. *State* v. *Rafanello,* supra; *Chapin* v. *Popilowski,* 139 Conn. 84, 86, 90 A.2d 167; *Broderick* v. *Hart,* 97 Conn. 492, 495, 117 A. 491. Thus, it was not sufficient for the defendants to have raised the issue of variance by a motion for a directed verdict. See James, op. cit. § 5.8; see also *Ditmars* v. *Grand Stores, Inc.,* 134 N.J.L. 570, 49 A.2d 286.

The defendants make several claims of error in regard to rulings on evidence. The plaintiff testified that she had walked across the defendants' parking lot in the evening, when she fell, along the same route she had taken on the way to work that morning. Defense counsel then read from a deposition in which the plaintiff had indicated that she had

taken different routes to and from her place of employment on the date of the fall. Defense counsel attempted to read from the deposition a statement made by the attorney representing the plaintiff at the time of the deposition which also indicated that the plaintiff had taken different routes. After objection, the court excluded this testimony. Whether or not this evidence might have been admissible under an exception to the hearsay rule, the court's ruling cannot be upset. Defense counsel, of course, had the duty to state to the court the proper grounds for the admission of this evidence. Practice Book § 226; *Krattenstein* v. *G. Fox & Co.,* 155 Conn. 609, 612, 236 A.2d 466; *Casalo* v. *Claro,* 147 Conn. 625, 630, 165 A.2d 153. In response to the objection, defense counsel stated, "It's very relevant. Her attorney was there with her. He took part in the conversation. It's all part of the deposition." Then he added that the statement of the plaintiff's attorney had "a direct bearing on this woman's testimony at this time." Certainly neither of these statements would have indicated to the court any recognizable exception to the hearsay rule under which the attorney's statement might have been admitted. Since, although the defendants did state grounds for the admission of the evidence, they were not valid ones, this claim must fail. *Casalo* v. *Claro,* supra.

The defendants also claim error in the court's refusal to permit them to introduce into evidence their motion for a more specific statement and the plaintiff's compliance with that motion. The defendants sought to introduce these as exhibits in order to establish a judicial admission on the part of the plaintiff. The plaintiff's compliance with the motion was, however, in substance a part of the record as contained in the substituted complaint and was

available to the jury without the necessity of the motion and its compliance having been made exhibits in the case. There was no error in the ruling.

The defendants also make several claims of error in regard to the court's refusal to charge as requested. The first deals with the allegation of the plaintiff that she fell upon the parking lot provided for employees of the company where she worked. The plaintiff, apparently wishing to take a shorter route, walked over the parking lot in leaving the building rather than over a concrete sidewalk which was available to her. The defendants requested that the jury be charged to the effect that the plaintiff may have lost her status as an invitee once she walked across the parking area rather than the sidewalk. In support of their claim, the defendants rely on cases such as *Dickau* v. *Rafala,* 141 Conn. 121, 125, 104 A.2d 214, and *Guilford* v. *Yale,* 128 Conn. 449, 454, 23 A.2d 917. But these cases differ significantly from the case at bar in that each involved the issue of whether an invitee had wandered off into an area which was not open to his use and which he could not have reasonably anticipated would be open for his use. In the present case there is nothing in the claims of proof to indicate that the parking area was a restricted area so far as the plaintiff was concerned, and indeed all the evidence indicates that the lot was for the use of all employees. The claim that the plaintiff neglected to walk along a sidewalk but rather took a shortcut across the parking lot is relevant to the defense of contributory negligence, which was fully and adequately presented to the jury.

The court charged the jury generally on the adverse inferences which they are permitted to draw from a party's failure to produce certain witnesses.

The court refused the defendants' request that this charge expressly include a reference to the plaintiff's failure to produce the attorney who had represented her prior to the trial and who, the defendants claim, would have testified as to the place of the fall. The record, however, does not indicate that the attorney saw the plaintiff fall, and the defendants do not suggest how the attorney's testimony as to the place of the fall would have been admissible. Nor was there an indication that any of the plaintiff's coworkers saw her fall, so there was no basis for the requested charge as to their failure to testify as to the place of the fall. The claims of proof indicated that the plaintiff knew of several people whom she had seen having difficulty when they were walking across the parking lot and who might have testified as to the existence of ice on the lot on the morning of the fall. But the defendants have not shown that the plaintiff knew the identity of these people, or that their testimony would not have been merely repetitious of her testimony as to the existence of ice. Therefore, the defendants were not entitled to the charge. *Secondino* v. *New Haven Gas Co.*, 147 Conn. 672, 675, 165 A.2d 598.

The defendants' remaining requests to charge, although not adopted literally by the court, were adequately covered in the charge as given and do not require discussion here. See *Williams* v. *Dubin*, 155 Conn. 700, 701, 236 A.2d 86. The defendants took several exceptions to the charge, most of them raising the same issues as those discussed above with respect to the requests to charge, and thus they require no further discussion at this point. Suffice it to add that the court's charge on contributory negligence was adequate to cover the issue.

The defendants have made a number of claims of

error in regard to the issue of damages. The plaintiff's physician testified as to a number of visits the plaintiff had made to his office as a result of the fall. This evidence included testimony as to visits made in the years 1965, 1966 and 1967. Through this witness the plaintiff introduced a bill which stated that her last visit was on December 8, 1964. In an apparent attempt to explain the discrepancy between the bill and his testimony, the doctor stated that because the plaintiff was worried about her ability to pay her bills he treated her without charge during 1965, 1966 and 1967 and kept no record of her visits. On cross-examination, the doctor was questioned as to who paid the plaintiff's bill, and an objection to this line of questioning was sustained. Defense counsel claimed to be entitled to show that the plaintiff's bills had in fact been paid and would continue to be paid under workmen's compensation, thus casting doubt on the doctor's testimony that he had not kept a record or billed the plaintiff for many visits because of her inability to pay for them. Ordinarily, the fact that a third party has paid the plaintiff's bills would be irrelevant and inadmissible under the collateral source rule. See *Lashin* v. *Corcoran,* 146 Conn. 512, 515, 152 A.2d 639. Here, however, the doctor's testimony on direct examination had made the issue of payment a vital one in regard to his credibility, and it was reversible error not to have allowed the defendants to have pursued the matter on cross-examination.

Because a new trial on the issue of damages will be required, one other matter should be mentioned. The plaintiff's evidence indicated that some of her injuries were of a permanent nature. The jury were instructed that in assessing damages they should consider any permanent physical impairment from

which the plaintiff might suffer in the future and also any proven permanent suffering for the period of her life expectancy. Looking to the claims of proof, however, we see that, except for the plaintiff's age, no evidence was introduced as to her life expectancy. It was erroneous for the court to have allowed the jury to consider damages based on the probable duration of the plaintiff's life without instructing the jury as to what that duration might be, on the basis of evidence offered at the trial or judicial notice of accepted mortality tables. See *McManus* v. *Jarvis,* 128 Conn. 707, 713, 22 A.2d 857; *Sims* v. *Smith,* 115 Conn. 279, 286, 161 A. 239; *Jackiewicz* v. *United Illuminating Co.,* 106 Conn. 302, 308, 138 A. 147.

Because there must be a new trial on the issue of damages, it is unnecessary to discuss the remaining claims of error dealing with that issue.

There is error in part, the judgment is affirmed except as to the amount of damages awarded and a new trial is ordered limited to that issue.

In this opinion the other judges concurred.