[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION TO STRIKE FIRST SPECIAL DEFENSE.
FACTS
The court will adopt the plaintiff's rendition of the facts. On February 12, 1993, the plaintiff filed a complaint against the defendant seeking recovery for injuries and damages sustained by the plaintiff as a result of the negligence of an uninsured motor vehicle. At the time of said motor vehicle accident, the plaintiff was an insured pursuant to a policy issued by the defendant. On June 9, 1993 the plaintiff filed a revised complaint and on June 29, 1993 the defendant filed an answer and special defense to the plaintiff's complaint. On July 1, 1993 plaintiff filed a reply and claimed the matter to the trial list. On September 2, 1993 the defendant filed an amended answer and special defenses to the plaintiff's complaint.
The motion to strike is aimed at the First and Second Special Defenses. On short calendar the motion before the court was the defendant's objection to the motion to strike insofar as it was aimed at the First Special Defense. The court will rule only on that objection. If the objection is sustained, the motion to strike will be denied as to the First Special Defense; if it is denied, in effect the court will be granting the motion to strike as to that special defense.
The First Special Defense reads as follows:
 In the event that the trier of fact awards damages for personal injury to compensate the plaintiff, CT Page 1602 the defendant is entitled to a reduction in any such award by any amount paid by or for any liable parties, and by any sums paid or payable under any workers' compensation, disability benefits, or similar laws.
The plaintiff's suit is based on a contract of insurance. The actual damages and injuries allegedly suffered by the plaintiff arise from the asserted negligence of an uninsured motorist. But the damages that may possibly be awarded to the plaintiff and against the defendant in this case depend on the terms and conditions of the insurance contract.
The defendant company in its brief makes clear that its chief concern is workers' compensation benefits that the plaintiff, who was driving his employer's car, has or will receive under the act. The defendant company claims that the contract of insurance provides that there is not only a policy limit but also a contractually agreed credit requiring a reduction from the policy limit for any workers' compensation benefits paid or payable to the plaintiff as a result of this incident.
The defendant does not claim in this First Special Defense as he alleges in the Third Special Defense that what is involved here is a "set off" (P.B. 168). Clearly it cannot be that, Savings Bank of New London v. Santaniello,130 Conn. 206, 210 (1943).
The main thrust of the motion to strike is that the First Special Defense in claiming any damage award be reduced by any amount paid for workers' compensation or disability benefits is "essentially a claim for reduction based on collateral source payments to the plaintiff which has been consistently stricken." That is certainly true; workers' compensation benefits would certainly be a collateral source Baystate Moving Systems, Inc. v. Benson, 24 Conn. App. 531, 533 (1991) and ordinarily the fact that a plaintiff has received benefits from a third party would be irrelevant and inadmissible id. at page 534 citing Acampora v. Ledewitz, 159 Conn. 377, 384
(1970), see also Rametta v. Stella, 214 Conn. 484, 489 (1990).
The plaintiff also notes that the "defendant ambiguously appears to be grasping at the framework of Section 52-225a
(C.G.S.A.)." The plaintiff's brief then cites numerous cases standing for the proposition that "collateral source CT Page 1603 reductions pursuant to General Statutes Section 52-225a are `undertaken only after damages are awarded by the trier of fact, on the basis of evidence which is totally outside the scope of trial and which would be inadmissible there.'" Devarajan v. Berlin Fair, 7 Conn. L.Rptr. 581, 582 (1992) which cites Daniels v. Martinczek, 5 Conn. L.Rptr. 429, 430 (1992). Air Flow, Inc. v. Consolidate Engineers 
Construction, Inc., et al, 5 Conn. L.Rptr. 460, 461 (1992) held Section 52-225a "indirectly precludes evidence on collateral source payments to reduce damages and is not a valid special defense."
But from the defendant's perspective the specter of Bennett v. Automobile Insurance Company of Hartford, 32 Conn. App. 617,622, 621 (1993) is haunting this case. It is no doubt true that "the purpose of a special defense is to plead facts which are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action," Grant v. Bassman, 221 Conn. 465, 472
(1992) which cites P.B. 164. The First Special Defense does not in fact assert that plaintiff has no cause of action but rather seeks to reduce the amount of damages. That logic ties in neatly with the collateral source rule and would at first blush seem to dictate that the special defense here should be stricken.
But P.B. 164 is a rule not of substantive law but of procedure and procedural rules, just as the application of the collateral source doctrine can be modified by statute and contract. P.B. 164 is in effect amended by caselaw which refers to a concept known as "partial release of liability."
This would explain what would otherwise seem a confusing line of cases that seem to allow special defenses where there is no claim the entire cause of action should fail. Thus it is said "a limitation of liability, whether contractual or statutory, is, in substance and effect, a partial release of liability, and, as such is properly the subject of a special defense." (emphasis added). New England Savings Bank v. FTN Properties Limited Partnership, 32 Conn. App. 143, 146 (1993).
Thus in Bennett, a case where the plaintiff was seeking to enforce an insurance contract, the defendant company should have pleaded what in effect was a contractual limitation on liability as a special defense, cf Northnagle v. New York, CT Page 1604 N.H. H.R. Co., 139 Conn. 278, 279-280 (1952). Likewise, a specific statute limiting liability to a specific amount in a suit against a town was pleaded as a special defense although the special defense did not claim the whole cause of action should fail, Ryszkiewicz v. New Britain, 193 Conn. 589, 591
(1984). This court does not agree with the analysis in Amenta v. Nationwide Property and Casualty Ins. Co., 8 CSRR 915 which was decided on July 27, 1993 several weeks before Bennett.
The defendant in light of Bennett rightfully points out that the complaint itself makes no reference to workers' compensation payments although it claimed under its contract it is entitled to assert these payments as a credit against any award. Therefore if it does not assert such payments as a credit in a special defense, as it may, it runs the risk that it will waive its contractually bargained for right because it cannot present evidence of the contractual provision to the jury a la Bennett.
The defendant finds no comfort in the plaintiff's response that any legitimate concerns regarding credit for collateral source payments would be protected under 52-225a
C.G.S.A. That section becomes operative after an award of damages and thus precludes the necessity of a special defense to raise a claim regarding certain collateral source payments. But despite Amenta's assumptions on this score does this statute apply? Section 52-225b which defines "collateral sources" does not appear to include workers' compensation payments in its definition.
It is no doubt true that evidence of workers' compensation payments presents the potential of prejudice if the jury uses the evidence improperly, Hammer v. Mount Sinai Hospital, 25 Conn. App. 702, 721 (1991). But if evidence of such payments cannot be introduced through Section 52-225a, the plaintiff, who must proceed under the contract which provides for an agreed upon credit for such payments, can hardly be heard to complain. The court can issue an instruction to the jury regarding the proper use of any such evidence. Perhaps a bifurcated trial procedure could be used where the jury would award damages if any and then the defendant could be allowed to present evidence to the jury regarding the contract provision concerning credit for workers' compensation? If such a procedure is not authorized CT Page 1605 by our rules maybe it should be invented as long as Bennett remains the law.
The plaintiff's argument relative to Section 52-225a
would probably be relevant to any disability payments given the definition section, 52-225b. But the motion to strike is broadly directed against the whole defense including the workers' compensation claim. Perhaps this motion to strike should have been preceded by a request to revise.
Also, the First Special Defense does not by its language explicitly base itself on the language of the insurance contract but the defendant's brief and this decision make clear that this would be the basis at trial for the introduction of any evidence at trial of workers' compensation payments. The pleadings do not go to the jury, the plaintiff has adequate notice of the basis for the defendant's claim regarding the introduction of this evidence at trial, we are not in front of the jury now, and the trial court is not constricted by this court's ruling from barring the introduction of evidence of such payments if they are not based on contract provisions.
The objection to the granting of the motion to strike the First Special Defense is granted.
Corradino, J.