[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON DEFENDANTS' MOTION TO CITE IN
In this case, the plaintiff Robert Akridge, a minor child, through his mother Donna Akridge as next friend, seeks to recover damages due to his alleged exposure to lead-based paint while residing at premises owned by the defendants Vincent and Mary Nastri. On April 30, 1997, the plaintiff filed a revised complaint in six counts alleging negligence per se, negligence, nuisance, breach of an implied warranty or habitability, recklessness and CUTPA violations. On May 28, 1997, the defendants filed an answer and special defenses to the revised complaint, dated May 22, 1997, denying the operative allegations of all counts. By way of their second special defense, the defendants have alleged that the recklessness of Donna Akridge was the proximate cause of the minor plaintiff's injuries and losses because, in part, she continued to reside in the defendants' premises even after receiving notice of alleged lead hazards.[1]
On June 18, 1997, the defendants filed a "Motion to Cite In" Donna Akridge as a defendant in this action (#114). On August 14, 1997, the plaintiff filed its "Objection to Defendants' Motion to Cite In" (#120). The court heard oral argument on these motions as part of LPL Short Calendar No. 6 on September 8, 1997.[2]
The defendants have moved to cite in Donna Akridge as a party defendant pursuant to the provisions of General Statutes § 52-102, claiming she must be made a defendant "in this matter so that a complete assessment of the responsibility of all parties to this action brought on behalf of Robert Akridge can be made, in accordance with substantial justice." The factual basis for joining Donna Akridge as a party is similar to the second special defense — that she acted recklessly and wantonly by continuing to reside with the minor plaintiff in the defendants' premises after receiving notice of an alleged lead hazard.
At oral argument, the defendants maintained that Donna Akridge is a necessary party for the complete determination of all the issues in this case, within the meaning of § 52-102
CT Page 10183 (2), and that they are not seeking either indemnification or to apportion liability against her. The defendants concede that General Statutes § 52-102b provides the exclusive method to bring in apportionment defendants and claim that they are not proceeding under that statute.[3] "The decision whether to grant a motion for the addition of a party to pending legal proceedings rests generally in the sound discretion of the trial court." Lettieri v. American Savings Bank, 182 Conn. 1, 13,437 A.2d 822 (1980).
Section 52-102[4] governs joinder. Before its revision in 1987, P.A. 87-227, its language remained essentially unchanged since its promulgation as section 12 of the 1879 Practice Act, Connecticut's first code of civil procedure. Section 85 of the Practice Book, adopted in 1963, is the corollary of § 52-102
and it retains the statute's original language.[5] The original statutory language provided for permissive joinder and allowed the plaintiff latitude in joining a variety of defendants in one action. See Moller Horton, Annotated Connecticut Practice Book, § 85, p. 246. As amended in 1987, the statute now provides for both permissive and mandatory joinder, and allows "any party" to move for joinder.[6] Nonetheless, the bedrock rule that the plaintiff chooses whom to sue has not been altered by the expansion of the statute's terms. See Bradford v. Herzig,33 Conn. App. 714, 724, 638 A.2d 698, cert. denied, 229 Conn. 920,642 A.2d 1212 (1994).
Section 52-102 (2) is the mandatory joinder provision. It provides that a person "shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved" in the controversy. As used in this subsection, the term "necessary" in fact means "indispensable."
If a proposed party is indispensable, joinder "is mandated because due process principles make it essential that such parties be given notice and an opportunity to protect their interests by making them a party to the action." (Internal quotation marks omitted.) Hilton v. New Haven, 233 Conn. 701,722-23, 661 A.2d 973 (1995). "Parties have been characterized as `indispensable' when they not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience." CT Page 10184 (Internal quotation marks omitted.) Sturman v. Socha, 191 Conn. 1,6, 463 A.2d 527 (1983). A person is indispensable when a judgment on the issues raised by the complaint, while resolving the issues as between the parties before the court, would also affect that person's legal interests so that his or her presence is "absolutely required in order to assure a fair and equitable trial." Id. at 7. Indispensable parties include any person having a property interest that might be affected by the judgment.Gemmell v. Lee, 42 Conn. App. 682, 685, 680 A.2d 346 (1996);Goytizolo v. Moore, 27 Conn. App. 22, 29, 604 A.2d 362 (1992);Graham v. Zimmerman, 181 Conn. 367, 372, 435 A.2d 996 (1980). Joinder is also mandated when the interest rises to constitutional proportions. Hilton v. New Haven, supra, 233 Conn. at 723.
Applying these standards, no claim can be made in this case that Donna Akridge is an indispensable party. A full and complete resolution of the issues between the minor plaintiff and the defendants will not affect any legal interest of Donna Akridge, nor is her presence as a party required to assure a fair and equitable trial. She will not be affected in any legal sense by any judgment in this case.
Moreover, even if the term "necessary" does not mean "indispensable" in the context of § 52-102 (2), the statute requires joinder only to those persons "necessary for a complete determination . . . of any question involved therein." "This language means `any question involved' in the claim made in the original underlying suit brought by" the plaintiffs. Lagosz v.Whitaker, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 381991 (December 1, 1993) (Corradino, J.) (10 CONN. L. RPTR. 489). See also Ackerman v.Goulding, Superior Court, judicial district of New London, Docket No. 503199 (December 11, 1990) (Leuba, J.) (3 CONN. L. RPTR. 563) (claim of fraudulent conveyance by defendant not necessary to resolve the negligence claims between plaintiff and defendant). A necessary party, therefore, is someone with "an interest in the controversy . . . who ought to be made" a party. Sturman v.Socha, supra, 191 Conn. at 6.
In this case, the minor plaintiff claims that the defendants breached certain statutory, contractual and common law duties they owed to him and proximately caused injury to him. In seeking to join Donna Akridge as a party based on her alleged reckless and wanton conduct, the defendants insist that a consideration of this conduct is "necessary" to resolve the minor plaintiff's CT Page 10185 claims against them. But, in fact, the defendants seek to make Donna Akridge a party to shift responsibility,[7] essentially claiming that it was her conduct, rather than theirs, that was the proximate cause of the injuries alleged by the plaintiff.
Bringing in another person as a party defendant is not the proper procedural way to challenge proximate cause. Proximate cause has already been placed in issue by the plaintiff's complaint and the plaintiff has the burden of proving it. "It is axiomatic that the initial burden of proving and establishing that the defendant's negligence was the proximate cause of claimed injuries lies with the plaintiff." Baystate MovingSystems, Inc. v. Bowman, 24 Conn. App. 531, 540, 590 A.2d 462
(1991). The defendants are free to present evidence to refute claims that their conduct was the proximate cause of the plaintiff's injuries. There is no general limitation on the introduction of relevant and otherwise admissible evidence that the conduct of another, even if not a party in the case, was the sole proximate cause of injury. See, e.g., Wagner v. ClarkEquipment Co., 243 Conn. 168, 177-84, (1997) (evidence of non-party third person negligence introduced and should have been subject of jury instruction on superseding cause). Moreover, the defendants have filed a special defense claiming that the reckless conduct of Donna Akridge was the proximate cause of the plaintiff's injuries. Having raised that defense, the defendants have placed upon themselves the burden of proving it, Branch v. Occhionero, 239 Conn. 199, 205-06,681 A.2d 306 (1996), to the extent such evidence is determined admissible.
If the court were to grant the defendants' motion to cite in and make Donna Akridge a first party defendant in this case, the court, in effect, would both require the plaintiff to shoulder the burden the defendants have already placed upon themselves in asserting the second special defense and force the minor plaintiff into the untenable position of making allegations against his mother and next friend. Even assuming that Donna Akridge is potentially liable as a joint tortfeasor,[8] the minor plaintiff was not required to sue her originally nor do the defendants have any statutory or common law right to compel him to do so now. While Tort Reform I and II abrogated the common law rule regarding joint and several liability with respect to claims of negligence and gave defendants the opportunity to seek apportionment of negligence, which is not sought here, Tort Reform did not take away a plaintiff's ability to choose whom to sue. Donner v. Kearse, 234 Conn. 660, 672, 662 A.2d 1269 (1995). CT Page 10186
Thus, the court concludes that the defendants have failed to establish that Donna Akridge is a necessary party to this litigation within the meaning of § 52-102 (2). Accordingly, the defendants' "Motion to Cite In" is denied and the plaintiff's "Objection to Defendants' Motion to Cite In" is sustained.
LINDA K. LAGER, JUDGE