[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#106)
CT Page 14193
The plaintiff, Moss Ledge Associates, LLC filed a six count complaint against the defendant, Firestone Building Products Company. The defendant responded by filing a motion to strike the plaintiffs entire complaint for failure to bring the claim pursuant to the Products Liability Act. Subsequently, the plaintiff filed a revised complaint. In its revised complaint, the plaintiff asserted claims under the following theories: (1) the Connecticut Products Liability Act; (2) negligence; (3) fraud and misrepresentation; and (4) the Connecticut Unfair Trade Practices Act (CUTPA). Responding to the revised complaint, the defendant filed a motion to strike. In the motion to strike, the defendant moved to strike counts one through four, the ad damnum clause, and the revised complaint in its entirety.
The plaintiffs claims arise from the alleged negligent installation of a defective roof. The defendant manufactures, sells, and installs roofing systems. Specifically, the defendant sold and installed a roofing system in a commercial building owned by Richill Associates and Peter Underhill. Thereafter, the defendant issued two express warranties to Richill Associates and Peter Underhill. The plaintiff, then, purchased the aforementioned commercial building from Richill Associates and Peter Underhill who assigned their warranties to the plaintiff. In addition, the defendant issued the plaintiff two additional express warranties.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied, . . . . Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citation omitted.) Pamela B. v. Ment, 244 Conn. 296, 308,709 A.2d 1089 (1998).
COUNT ONE (Connecticut Products Liability Act)
CT Page 14194
The defendant asserts five different grounds for striking count one of the plaintiffs revised complaint.
First, the defendant argues that the warranties issued by the defendant provided for arbitration. A party, however, may not utilize a motion to strike to compel arbitration. Feen v. BenefitPlan Administrators Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 406726 (January 13, 1999, Devlin,J.); AIG Financial Products v. Total Concepts/New York Inc.,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 300111) (April 26, 1993, Lager, J.) (8 C.S.C.R. 523). Accordingly, the defendant's motion to strike the first count of the revised complaint for failing to arbitrate is denied.
Second, the defendant argues that the plaintiff improperly relied on the first warranty issued to the original owners. The defendant asserts that the second warranty issued to the plaintiff superseded the first warranty. In support of its contention, the defendant relies on a clause in the second warranty that states "this limited warranty supersedes and is in lieu of all other warranties or guarantees. . . ." Despite the defendant's assertions, the parties' intentions determine a conflict between warranties.[1] Consequently, the intentions of the plaintiff and defendant dictate whether the second warranty superseded the first warranty. Moreover, construing the factual allegations of the complaint in the light most favorable to the plaintiff fails to establish that the second warranty superseded the first. See Faulkner v. United Technologies Corp.,240 Conn. 576, 580, 693 A.2d 293 (1997) (in deciding a motion to strike, the court construes the facts in the complaint most favorably to the plaintiff). Accordingly, the defendant's motion to strike the plaintiffs allegation of a breach of the first warranty is denied because the first warranty may still be legally operative.
Third, the defendant argues that the court should strike count one paragraph 21 b-1 of the revised complaint because the two warranties annexed to the complaint specifically excluded implied warranties of merchantability and fitness for a particular purpose as to the roof[2]. Connecticut law dictates that parties may contract to abrogate implied warranties[3]. In paragraph 21 b-1 of the plaintiff's revised complaint, the plaintiff asserts that "the roofing system was defectively designed, fatally flawed, inadequate, not fit for the intended purpose and not in conformance with the state-of-the-art or acceptable industry standards." Determining whether the parties CT Page 14195 effectively abrogated the implied warranties of merchantability and fitness for a particular purpose would require the court to make a legal determination as to the effectiveness of the waiver[4]. A motion to strike, however, only necessitates a determination of whether a pleading states a cause of action, not "a legal determination as to the nature of the underlying transaction." Kelvin Corp. v. Foley, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 292233 (July 15, 1992, Lewis, J.). As the plaintiff has effectively asserted a claim for breach of implied warranties in paragraph 21b of count one, the court denies the defendant's motion as to this paragraph.
Fourth, the defendant argues that the paragraph 22 of the first count of the revised complaint should be stricken because the warranties limit damages to the "original cost of the membrane, prorated based on the remaining months of the unexpired warranty." A party may recover the cost of repairs in a breach of warranty action. Willows Springs Condominium Assn. v. Seventh BRTDevelopment Corp., 245 Conn. 1, 57-65, 717 A.2d 77 (1998). Here, the plaintiff asserts that it "will be required to expend large sums of money to replace the entire roofing system, including the underlying roof; replace insulation; and take such additional corrective action as is necessary to comply with the Building Code of the State of Connecticut, the ordinances and regulations of the City of Stamford and good building practices." As such, the plaintiff has sufficiently alleged that it suffered damages due to the defectiveness of the defendant's product. Accordingly, the defendant's motion to strike paragraph 22 of the first count is denied.
Fifth, the defendant argues that paragraph 23 of the revised complaint should be stricken on the ground that the limited warranty annexed to the complaint prevents the plaintiff from recovering for incidental and consequential damages[5]. In paragraph 23 of the first count, the plaintiff asserts it "will in the future incur, additional costs for heating and air conditioning and will suffer significant loss in the use of the premise." A motion to strike does not require the court to "make a legal determination of as to the nature of the underlying transaction." Kelvin Corp. v. Foley, supra, Superior Court, Docket No. 292233. Determining the effectiveness of the limited warranty would require the court to make a legal determination as to the underlying transaction. Furthermore, "[w]here individual paragraphs standing alone do not purport to state a cause of CT Page 14196 action, a motion to strike cannot be used to attack the legal sufficiency of those paragraphs . . . . A single paragraph or paragraphs can only be attacked for insufficiency when a cause of action is therein attempted to be stated." (Internal quotation marks omitted.) Zimmermann v. Connecticut College, Superior Court, judicial district of New London, Docket No. 544623 (July 2, 1998, Handy, J.); accord Bombard v. Industry Riggers, Superior Court, judicial district of Waterbury, Docket No. 140181 (January 5, 1998, Pellegrino, J.). Here, no cause of action exists in the plaintiffs assertion of damages. Accordingly, the defendant's motion to strike paragraph 23 of the first count is denied.
COUNT TWO (NEGLIGENCE)
The defendant moves to strike the second count of the revised complaint on the ground that the plaintiff has not made a sufficient claim of negligence because it incorporated the same facts in its products liability and negligence claims. Furthermore, the defendant asserts that plaintiff has failed to allege proximate cause. "While negligence is, of course, a common law theory, it is also a theory that may, by statutory definition, form the basis of a product liability claim." (Internal quotation marks omitted.) (Citation omitted.) HobokenWood Flooring v. Torrington Supply Co., 42 Conn. Sup. 153, 155,606 A.2d 1006 (1991). Utilizing the same facts for a products liability action and negligence claim does not make the plaintiffs claim legally insufficient.
Further, the plaintiff properly pleaded proximate cause. To properly plead proximate cause, the "allegations of the complaint must equate to a damage to the plaintiff that is not overly remote to the conduct of the defendant and establishes a casual relationship between the harm and the conduct that is not conjectural". (Citations Omitted.) Coste v. Riverside Motors,Inc., 24 Conn. App. 109, 114-15, 585 A.2d 1263 (1991). "Proximate cause is particularly ill suited for determination by a motion to strike without the benefit of evidence." Deglin v. Norwich FreeAcademy, Superior Court, judicial district of New London at New London, Docket No. 546339 (April 7, 1999, Hurley, J.). Here, in paragraphs 24 and 25 of its revised complaint, the plaintiff alleges that the defendant's negligence in installing and maintaining the roof caused them monetary damages in replacing the roof. Consequently, a rational nexus exists between the negligent installation of the roof and the cost of replacing the roof incurred by the plaintiff. Accordingly, the defendant's CT Page 14197 motion to strike the second count of the revised complaint is denied.
COUNT THREE (FRAUD AND MISREPRESENTATION)
The defendant moves to strike the third count of the revised complaint on the ground that the plaintiff failed to plead a fraud claim with adequate specificity. "The essential elements of an action in common law fraud . . . are that: (1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the party making it; (3) it was made to induce the other party to act upon it; and (4) the other party did so act upon that false representation to his injury." (Citations omitted.) Barbara Weisman, Trustee v. Kaspar,233 Conn. 531, 540, 661 A.2d 530 (1995). When pleading a claim of fraud, a plaintiff must set forth with specificity the acts that constituted the fraud. Maruca v. Phillips, 139 Conn. 79, 81,90 A.2d 159 (1952).
In their revised complaint, the plaintiff sufficiently alleged fraud. First, the plaintiff alleges that the defendant's agents made a false statement concerning the fitness of the roof for its building. Second, the plaintiff alleges that the defendant's agents knew that the aforementioned statement was false when they made it. Finally, the plaintiff alleges that its agents believed that the statement was true and that it relied on the representation made by the defendant to its detriment. Accordingly, the defendant's motion to strike the third count of the revised complaint is denied.
COUNT FOUR (Connecticut Unfair Trade Practices Act)
The defendant moves to strike the fourth count of the revised complaint on the ground that CUTPA requires allegations of unscrupulous, oppressive, immoral conduct that causes substantial injury. "A claim under CUTPA must be pleaded with particularity to allow evaluation of the legal theory upon which the claim is based." (Citation omitted.) S.M.S. Textile Mills, Inc. v. Brown,Jacobson, Tillinghast, Lahan, King, P.C., 32 Conn. App. 786,797, 631 A.2d 340, cert. denied, 228 Conn. 903, 634 A.2d 296
(1993). To sustain a CUTPA claim, the plaintiff must prove that the defendant's actions were immoral, unethical, oppressive, unscrupulous, or that the actions caused substantial injury to consumers. Williams Ford, Inc. v. Hartford Courant, Inc.,232 Conn. 559, 590-91, 657 A.2d 212 (1995). Furthermore, a simple CT Page 14198 breach of contract fails to automatically sustain a claim for CUTPA. Boulevard Associates v. Sovereign Hotels, Inc.,72 F.3d 1029, 1038-39 (2d Cir. 1995). Here, the plaintiff has failed specifically to allege that the defendant's actions constitute immoral, unethical, oppressive, or unscrupulous conduct. Accordingly, the defendant's motion to strike the fourth count of the complaint is granted.
AD DAMNUM CLAUSE
The defendant moves to strike the prayer for relief in the revised complaint on the ground that the relief is inconsistent with the damages contracted for in the limited warranties annexed to the revised complaint. "Each motion to strike must be accompanied by a memorandum of law citing the legal authority upon which the motion relies." Practice Book § 10-42. When a party fails to brief grounds for a motion to strike, the court will "treat those issues as abandoned." State v. Bashura,37 Conn. Sup. 745, 748-49, 436 A.2d 785 (App. Sess. 1981). Here, the defendant has failed to provide any legal authority for striking the prayer for relief. Accordingly, the defendant's motion to strike the prayer for relief is denied.
REVISED COMPLAINT IN ITS ENTIRETY
The defendant moves to strike the entire revised complaint on the ground that the original owner is not joined as a party defendant. "Parties have been termed indispensable when their interest in the controversy is such that a final decree cannot be made without either affecting that interest or leaving the controversy in such condition that its final disposition may be inconsistent with equity and good conscience." (Internal quotation marks omitted.) Hilton v. New Haven, 233 Conn. 701,722, 661 A.2d 973 (1995); see also W.G. Glenney Co. v. Bianco,27 Conn. App. 199, 203, 604 A.2d 1345 (1992). "A person is indispensable if any judgment would adversely affect that person's interest." (Citation omitted.) P.R.I.C.E., Inc. v.Keeney, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 542469 (April 4, 1996, Wagner, J.). Here, the original owners would not be adversely affected by any judgment because they no longer have an economic interest in the property. The defendant contends that the original owners are indispensable parties in this litigation because they oversaw the treatment of the roof for almost eight years. Even if the original owners were partially liable, joint tortfeasors are not CT Page 14199 indispensable parties. Accord Akridge v. Nastri, Superior Court, judicial district of New Haven at New Haven, Docket No. 397087 (October 7, 1997, Lager J.) (20 Conn. L. Rptr. 566).
Accordingly, the defendant's motion to strike the entire complaint is denied because the original owners are not indispensable parties in this litigation.
KARAZIN, J.