### JOSE TRUJILLO *v.* ANGELO CHEKAS ET AL.
### (AC 33601)

Lavine, Robinson and Sheldon, Js.

---

[4] The court never excluded relevant medical testimony, which apparently was not offered.

Submitted on briefs September 17—officially released December 18, 2012

*John K. McDonald* filed a brief for the appellant (plaintiff).

*David A. Haught* and *Lorinda S. Coon* filed a brief for the appellee (defendant state of Connecticut).

*Opinion*

PER CURIAM. The plaintiff, Jose Trujillo, appeals from the judgment of the trial court, rendered in favor of the defendant state of Connecticut.[1] In this personal injury action, the plaintiff claims that the court abused

---

[1] Angelo Chekas, Rodney Harvey, Twin City Fire Insurance Company and Hartford Fire Insurance Company were also named as defendants but are not parties to this appeal. Any reference in this opinion to the defendant is to the state of Connecticut.

its discretion by admitting into evidence the fact that the plaintiff had been compensated for lost wages in violation of the collateral source rule. See *Baystate Moving Systems, Inc.* v. *Bowman*, 24 Conn. App. 531, 533–34, 590 A.2d 462, cert. denied, 220 Conn. 904, 593 A.2d 969 (1991). We affirm the judgment of the trial court.

The record reveals the following facts and procedural history. On April 22, 2004, the plaintiff, then a state trooper, was injured when the cruiser he was operating collided with a vehicle operated by Angelo Chekas. The plaintiff was out of work for two years and then worked light duty for two more years, when he retired. He received more than $200,000 in workers' compensation benefits for medical care, lost wages and permanent disability. In 2006, the plaintiff brought an action against the defendant for uninsured motorist benefits, alleging among other things that Chekas was negligent and uninsured.

A four day trial commenced in April, 2011. There was conflicting evidence as to how the accident occurred. At one point, defense counsel cross-examined the plaintiff as follows: "Let me ask it this way, Mr. Trujillo, and I think this will solve the problem. Am I correct that in 2004 and 2005 you were covered by alternate compensation systems?" The plaintiff objected, but the court overruled the objection. The plaintiff answered in the affirmative.

The jury returned a verdict in favor of the defendant. One jury interrogatory asked, "Do you find by a preponderance of the evidence that [the plaintiff] sustained injuries in the accident proximately caused by the negligence of Angelo Chekas?" The jury answered, "No." The court denied the plaintiff's motion to set aside the verdict and for a new trial. This appeal followed.

The plaintiff claims that the court abused it discretion when it permitted the defendant to ask the plaintiff whether he was "covered by alternate compensation systems . . . ."[2] Assuming without deciding that the court abused its discretion in permitting the defendant to question the plaintiff about collateral sources, we conclude that any potential error was harmless. "[A] trial court's evidentiary ruling is reviewed under the abuse of discretion standard. . . . Simply because the trial court may have abused its discretion in admitting evidence . . . does not answer the question of whether the impropriety requires reversal of the [verdict]. . . . [W]hen an improper evidentiary ruling is not constitutional in nature, [the injured party] bears the burden of demonstrating that the error was harmful. . . . [A] nonconstitutional error is harmless when an appellate court has a fair assurance that the error did not substantially affect the verdict." (Citations omitted; internal quotation marks omitted.) *State* v. *George J.*, 280 Conn. 551, 601–602, 910 A.2d 931 (2006), cert. denied, 549 U.S. 1326, 127 S. Ct. 1919, 167 L. Ed. 2d 573 (2007).

The jury found that the plaintiff had failed to carry his burden of establishing the threshold question of causation, which was contested at trial. The challenged testimony goes only to *damages*, not causation. As the trial court noted, we cannot "ignore the fact that the jury may have concluded that the testimony of . . . Chekas . . . was credible and . . . may have concluded that the testimony of [the plaintiff] . . . was not credible." "This court cannot substitute its own judgment for that of the jury if there is sufficient evidence to support the jury's verdict." (Internal quotation

---

[2] Ordinarily, it is improper to reveal to the jury the existence of collateral sources of compensation for injuries. See *Madsen* v. *Gates*, 85 Conn. App. 383, 388, 857 A.2d 412, cert. denied, 272 Conn. 902, 863 A.2d 695 (2004). Pursuant to General Statutes § 52-225a, that evidence is to be considered by the court only after the trier finds liability and awards damages.

marks omitted.) *State* v. *Morgan*, 274 Conn. 790, 800, 877 A.2d 739 (2005).[3] Because we have "a fair assurance that the error did not substantially affect the verdict" (internal quotation marks omitted); *State* v. *George J.*, supra, 280 Conn. 602; we conclude that any error was harmless.

The judgment is affirmed.

---

[3] The plaintiff claims that the jury found against him on causation because the testimony "tainted the jury's perception of the plaintiff." We are not persuaded. The court instructed the jury on the issue of causation, and absent evidence to the contrary, this court assumes that the jury followed those instructions. *Kronovitter* v. *Doyle*, 135 Conn. App. 157, 167 n.17, 41 A.3d 1108 (2012).