NEW ENGLAND SAVINGS BANK *v.* FTN PROPERTIES
LIMITED PARTNERSHIP ET AL.
(11865)

DUPONT, C. J., O'CONNELL and FREEDMAN, Js.

Argued June 4—decision released July 20, 1993

*Edward J. Botwick,* pro se, the appellant (defendant).

*Deborah L. Dorio,* with whom was *Beth S. Becker,* for the appellee (plaintiff).

FREEDMAN, J. The defendant Edward J. Botwick appeals from a deficiency judgment rendered against

him in this mortgage foreclosure action in the amount of $1,000,000.[1] Botwick contends that (1) he has no liability for the deficiency and (2) the plaintiff failed to establish the amount of his liability. We affirm the judgment of the trial court.

In connection with the conveyance of the property that is the subject of this foreclosure action to the defendant FTN Properties Limited Partnership, FTN entered into a mortgage assumption agreement with the plaintiff.[2] Under the assumption agreement, FTN agreed to be bound by the terms of the original note and mortgage secured by the property.[3] Contemporaneously with the execution of the assumption agreement, Botwick and the defendant STN Properties, Inc., entered into a substitute guarantee agreement. Under the terms of the substitute guarantee agreement, the original individual guarantor, Michael S. Franford, was relieved of his liability on the note. Botwick and STN agreed to be bound by the terms of the original note and mortgage. The substitute guarantee agreement, however, provided that "the liability of Edward J. Botwick shall be limited to the same extent as [the] liability of the original guarantor, Michael S. Franford, under the terms of the original guaranty [agreement]."

After title to the subject premises vested in the plaintiff pursuant to a judgment of strict foreclosure, the

---

[1] The trial court rendered a deficiency judgment in the amount of $1,928,421 against the named defendant and defendant STN Properties, Inc. Edward J. Botwick was found liable for that deficiency to the extent of $1,000,000. Only Botwick appealed from the judgment of the trial court.

[2] On May 21, 1993, the Federal Deposit Insurance Corporation (FDIC) became the receiver of the plaintiff New England Savings Bank. Thereafter, FDIC assigned the mortgage and note involved in this action to Citizens Savings Bank. On July 8, 1993, we granted the plaintiff's motion to substitute Citizens Savings Bank as the plaintiff in this action.

[3] The original mortgage note was in the principal amount of $2,325,000 and was personally guaranteed, with certain limitations, by Michael S. Franford.

plaintiff sought a deficiency judgment against FTN, STN and Botwick. Botwick never disputed the amount of the deficiency, only the question of his liability for any portion of the deficiency. At the hearings on the motion for deficiency judgment, the plaintiff did not introduce the original guarantee agreement into evidence. That agreement apparently[4] limited the liability of Michael S. Franford, as a guarantor, to $1,000,000. The trial court found a deficiency in the amount of $1,928,421 and found that Botwick was liable for the deficiency to the extent of $1,000,000. This appeal followed.

Botwick's first claim requires little discussion. He argues that the release of the original individual guarantor (Franford) from liability under the original guarantee also released him from liability by virtue of language in the substitute guarantee agreement limiting his liability "to the same extent as [the] liability of the original [individual] guarantor." Botwick's proposed interpretation of the language of the substitute guarantee agreement would allow Franford to be relieved of liability and substitute Botwick in his place in name only and without any financial obligation to the plaintiff. Neither the language of the agreement nor the intention of the parties expressed by those words can reasonably support such a conclusion. In giving meaning to the language of a contract, we presume that the parties did not intend to create an absurd result. *Waesche* v. *Redevelopment Agency,* 155 Conn. 44, 51,

---

[4] Between the two hearings on the plaintiff's motion for a deficiency judgment, the plaintiff filed a document, entitled "Motion Re: Deficiency Judgment," requesting that the court find Botwick's liability in connection with the deficiency to be $1,000,000. A copy of the original guarantee agreement was attached to that motion. In addition, the monetary limitation on liability contained in the original guarantee agreement was called to the court's attention thereafter by the plaintiff's counsel during a hearing on the motion for deficiency judgment.

229 A.2d 352 (1967); *Peoples* v. *New England Lumber & Box Co.,* 107 Conn. 724, 726–27, 142 A. 387 (1928). Accordingly, we conclude that the trial court properly disregarded Botwick's claim that the substitute guarantee agreement imposed no liability on him.

Botwick's remaining claim is that the trial court could not find him liable for more than nominal damages because the plaintiff failed to introduce evidence of the original guarantee agreement and the limitation of liability contained therein. We disagree.

A release of liability must be pleaded as a special defense. Practice Book § 164; *King* v. *Malone,* 91 Conn. 342, 345, 99 A. 691 (1917). "Facts which are consistent with [the facts alleged in the complaint] but show, notwithstanding, that [the plaintiff] has no cause of action, must be specially alleged." Practice Book § 164. A limitation of liability, whether contractual or statutory, is, in substance and effect, a partial release of liability and, as such, is properly the subject of a special defense. See id.; see also *Ryszkiewicz* v. *New Britain,* 193 Conn. 589, 591, 479 A.2d 793 (1984); *Nothnagle* v. *New York, N.H. & H. R. Co.,* 139 Conn. 278, 279–80, 93 A.2d 165 (1952), aff'd, 346 U.S. 128, 73 S. Ct. 986, 97 L. Ed. 1500 (1953). Because it is not generally the plaintiff's burden to offer evidence in support of a claim that must be specially pleaded in the defendant's answer; *Atlantic Richfield Co.* v. *Canaan Oil Co.,* 202 Conn. 234, 237, 520 A.2d 1008 (1987); *Coogan* v. *Lynch,* 88 Conn. 114, 116, 89 A. 906 (1914); the trial court was entitled to render judgment against Botwick in the amount of $1,000,000.

The judgment is affirmed.

In this opinion the other judges concurred.