[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE SPECIAL DEFENSES
Facts
The plaintiff, Richard Amenta, filed a one count complaint in January, 1993 against the defendant, Nationwide Property 
Casualty Insurance Company (Nationwide), seeking to recover damages for injuries he sustained in an accident involving an CT Page 6529-A uninsured motorist pursuant to the uninsured motorist provisions of his insurance policy with nationwide. Nationwide filed an answer and three special defenses. In the first special defense, Nationwide alleges that:
 [i]n the event that the trier of fact awards damages for personal injury to compensate the plaintiff and, if the plaintiff has collected no-fault benefits from the defendant under provisions of the policy or any other policy issued by this defendant, the defendant is entitled to set off from any such Award the full amount of such no-fault benefits.
In the second special defense, Nationwide alleges that:
 [i]n the event that the trier of fact awards damages for personal injury to compensate the plaintiff, the defendant is entitled to a reduction in any such award by all sums: a) paid because of bodily injury by or on behalf of the persons or organizations who may be legally responsible; and b) paid or payable because of bodily injury under any of the following or similar laws: (1) workers' compensation laws; or (2) disability benefits laws. CT Page 6529-B
In the third special defense, Nationwide alleges that "[i]n the event that the trier of fact awards damages for personal injury to compensate the plaintiff, the defendant is entitled to a reduction in any such award of any amounts paid to the plaintiff from collateral sources as defined and in [sic] pursuant to Section 52-225(a) of the Connecticut General Statutes."
The plaintiff has filed a motion to strike each of the special defenses on the grounds that they fail to demonstrate that the plaintiff has no cause of action or is comparatively negligent and thus are not legally sufficient special defenses, and that because collateral source reductions pursuant to General Statutes 52-225a
are calculated after an award of damages based on evidence outside of the scope of trial, the assertion of special defenses is unnecessary and the submission of evidence to the jury of collateral source payments is prejudicial to the plaintiff. The plaintiff filed a memorandum of law in support of his motion pursuant to Practice Book 155.
Nationwide filed an objection to the plaintiff's motion, accompanied CT Page 6529-C by a memorandum of law in support of its objection. Nationwide argues that the first and second special defenses are set offs, which must be specifically pleaded pursuant to Practice Book 168. Nationwide further argues that there is a split of authority at the superior court level on the issue of whether collateral source payments may be pleaded as special defenses, and urges this court to follow the reasoning of those decisions that have allowed such payments to be specially pleaded.
Discussion
A motion to strike is the proper vehicle to contest the legal sufficiency of any answer or part of an answer, including special defenses. Practice Book 152(5). "The purpose of a special defense is to plead facts which are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v. Bassman, 221 Conn. 465, 472-73,604 A.2d 814 (1992), citing Practice Book 164; see also Devarajan v. Berlin Fair Agricultural Assn., Inc., 7 Conn. L. Rptr. 581, 582 (November 5, 1992, Langenbach, J.). It is found that none of Nationwide's special defenses meet this definition of a proper special defense because none of the special defenses demonstrate that CT Page 6529-D the plaintiff has no cause of action, but rather seek to reduce the amount of any damages awarded to the plaintiff. Accordingly, it is held that the plaintiff's motion to strike should be granted on this ground.
Nationwide asserts that its first and second special defenses are set offs, which must be affirmatively pleaded under Practice Book 168. General Statutes 52-139 provides that "[i]n any action brought for the recovery of a debt, if there are mutual debts between the plaintiff . . . and the defendant . . . one debt may be set off against the other." (Emphasis added.) "A condition precedent to the application of 52-139
is that the defendant's claim arise from a debt due by the plaintiff." Petti v. Balance Rock Associates, 12 Conn. App. 353, 362, 530 A.2d 183
(1987); see Devarajan v. Berlin Fair Agricultural Assn., Inc., supra. It is found that in its first and second special defenses, Nationwide has not alleged any debt owed to it by the plaintiff. Accordingly, it is held that the first and second special defenses are not set offs which must be affirmatively pleaded.
With respect to the third special defense, the majority of the superior court decisions on the issue have held that collateral CT Page 6529-E source payments are not properly pleaded as a special defense. See Devarajan v. Berlin Fair Agricultural Assn., Inc., supra, 582 n. 2. General statutes 52-225a(a) provides, in resulting part, that "[i]n any civil action, whether in tort or in contract, wherein the claimant seeks to recover damages resulting from (1) personal injury . . . occurring on or after October 1, 1987 . . . and wherein liability is . . . determined by the trier of fact and damages are awarded to compensate the claimant, the court shall reduce the amount of such award which represents economic damages."
General Statutes 52-225a(b) provides:
 Upon a finding of liability and an awarding of damages by the trier of fact and before the court enters judgment, the court shall receive evidence from the claimant and other appropriate persons concerning the total amount of collateral sources which have been paid for the benefit of the claimant as of the date the court enters judgment.
 A special defense: is raised for the purpose of offering evidence on a legal issue CT Page 6529-F or concept contained in the special defense at the time of trial. A special defense is unnecessary to obtain the benefits allowed by Section 52-225a, because the court is required to make appropriate adjustments after the trial as a result of the statute.
Air Flo, Inc. v. Consolidated Engineers and Constructors, Inc.,5 Conn. L. Rptr. 460, 461 (January 13, 1992, Fuller, J.); Devarajan v. Berlin Fair Agricultural Assn., Inc., supra, 582. Accordingly, "[s]ection52-225a indirectly precludes evidence at the trial collateral source payments to reduce damages, and is not a valid special defense." Air Flo, Inc. v. Consolidated Engineers and Constructors, Inc., supra.[1]
Conclusion
It is held that, for all the foregoing reasons, the plaintiff's motion to strike Nationwide's first, second and third special defenses is granted.
Mullarkey, J.