[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE SPECIAL DEFENSE
On May 20, 1993, the plaintiffs, Betty and Basil Jones, filed a four count complaint against the defendant, American Airlines. The first and second counts allege breach of contract and negligence against the defendant, while the third and fourth counts allege emotional distress, loss of consortium, and damages as a result of the defendant's breach of contract and negligence. The facts as alleged in the complaint are as follows. In late April or early May of 1991, Betty Jones purchased a ticket on American Airlines for round trip transportation between the United States and Montego Bay, Jamaica. The return flight was scheduled to land at Kingston, Jamaica enroute to the United States. While landing in Kingston, the aircraft touched down forcefully, injuring Betty Jones.
On June 2, 1994, the defendant filed its revised answer and special defenses. The special defenses as to counts one and two allege that the plaintiffs' claims are governed by the Convention for the Unification of Certain Rules Relating to International Transportation by Air (Warsaw Convention). The special defenses as to counts three and four allege that Basil Jones's claims are governed by and barred by the Warsaw Convention.
The plaintiffs have filed a motion to strike the defendant's special defenses on the ground that the Warsaw Convention does not preclude the plaintiffs' claims.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegation of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) NovametrixMedical Systems v. BOC Group Inc., 224 Conn. 210, 214-15, 618 A.2d 25
(1992). "This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the complaint . . . ." S.M.S. Textilev. Brown, Jacobson, Etc. P.C., 32 Conn. App. 786, 796, 631 A.2d 340
(1993). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systemsv. BOC Group, Inc., supra, 224 Conn. 215.
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate nonetheless, that the plaintiff has no cause of action." Grant v.CT Page 164Bassman, 221 Conn. 465, 472-73, 604 A.2d 814 (1992). "`Facts which are consistent with [the facts alleged in the complaint] but show, notwithstanding, that [the plaintiff] has no cause of action must be specially alleged.'" New England Savings Bank v. FTN PropertiesLtd. Partnership, 32 Conn. App. 143, 146, 628 A.2d 30 (1993).
The plaintiffs argue that the defendant's special defenses as to counts one and two merely allege that the Warsaw Convention is the governing law, and thus, do not preclude the plaintiffs' claims. The defendant maintains that the Warsaw Convention is the exclusive cause of action in such circumstances, and limits their liability for damages to the plaintiff.
Article 17 of the Warsaw Convention provides that "[t]he carrier shall be liable for damage sustained in the event of the death or wounding of a passenger or any other bodily injury suffered by a passenger, if the accident which caused the damage so sustained took place on board the aircraft or in the course of any of the operations of embarking or disembarking." 49 U.S.C.A. § 1502.
The court in In Re Air Disaster at Lockerbie, Scotland, 928 F.2d 1267
(2nd Cir. 1991), cert. denied, 112 S.Ct. 331, (1991), determined that the Convention preempts state law causes of action as "the subject matter demands uniformity vital to national interests such that allowing state regulation `would create potential frustration of national purposes.'" Id., 1275. The court recognized that "there is a presumption against finding preemption of state law . . . [however,] the existence of separate state causes of action conflicts so strongly with the uniform enforcement of the Treaty that in our view that presumption is overcome." (Citations omitted.) Id., 1278. Courts in the Eleventh Circuit, however, have held that a cause of action may be stated in state law, but subject to the limitations found in the convention. See Clark v. UnitedParcel Service, Inc., 778 F. Sup. 1209, 1211 (S.D.Fla. 1991); Calderonv. Aerovias Nacionales de Colombia, 738 F. Sup. 485, 486 (S.D.Fla. 1990), appeal dismissed, 929 F.2d 599 (11th Cir.), cert. denied,112 S.Ct. 376, 116 L.Ed.2d 327 (1991). The court in Jack v. Trans WorldAirlines, Inc., 820 F. Sup. 1218 (N.D.Calif. 1993) stated that "[t]he Supreme Court instructs courts to look to the intent of a treaty's contracting parties to determine whether the treaty provides an exclusive cause of action. After carefully reviewing the text, drafting history, and structure of the Warsaw Convention, the court believes that the Convention's authors expected it to be the exclusive basis of recovery for damages arising from delay, lost or damaged goods, personal injury, and death during international flights. In short, the Warsaw Convention preempts state law causes of action, not just remedies. . . ." Id., 1226. CT Page 165 The court also noted that there is not unanimity on this issue as the Supreme Court, the D.C. Circuit, and the Eleventh Circuit have declined to rule on this issue, and the Ninth Circuit has stated that it would likely find the Warsaw Convention nonexclusive. Id., 1226.
Notwithstanding the question of exclusivity, the Warsaw Convention also provided for a limitation of liability of approximately $8,300, which was modified and raised by the Montreal Agreement to $75,000. 49 U.S.C.A. § 1502, Order of Civil Aeronautics Board Approving Increases in Liability Limitations of Warsaw Convention and Hague Protocol. The Warsaw Convention in conjunction with the Montreal Agreement provides for "absolute liability for the carrier up to $75,000.00 per passenger, regardless of fault or negligence . . . if: (a) the passenger's travel was `international transportation' within the meaning of Article 1(1), (2); (b) the passenger ticket was `delivered' within the meaning of Article 3(1), (2) and contained a statement in 10 point type that the transportation was subject to the rules relating to liability established by Warsaw/Montreal; (c) the accident which caused the damage took place on board the aircraft or in the course of any of the operations of embarking or disembarking; (d) the passenger did not contribute to the accident; and (e) the damage was not caused by the willful misconduct of the carrier."Domague v. Eastern Air Lines Inc., 722 F.2d 256, 259 (5th Cir. 1984).
The defendant has pleaded the governance of the Warsaw Convention as a special defense. If the Warsaw Convention is an exclusive cause of action then it effectively bars the plaintiffs' claims, as pleaded, and therefore, is properly pleaded as a special defense. Furthermore, even if the Warsaw Convention is determined to be an exclusive remedy, rather than an exclusive cause of action, the limitation of liability "is properly the subject of a special defense." New England Savings Bank v.FTN Properties Ltd. Partnership, supra, 32 Conn. App. 146. Accordingly, the plaintiffs' motion to strike the defendant's special defense as to counts one and two is denied.
The plaintiffs also argue that the defendant's special defenses as to counts three and four should be stricken as Basil Jones' claims for emotional distress, loss of consortium, loss of services, and economic damages arising out of Betty Jones' injuries are compensable under the Warsaw Convention. The defendant contends that the Warsaw Convention only allows recovery of damages sustained in the event of bodily injury, and this precludes Basil Jones' claims.
The court in In Re Korean Air Lines Disaster of September 1,1983, 807 F. Sup. 1073 (S.D.N.Y. 1992) stated that "[t]he Warsaw CT Page 166 Convention . . . does not limit recovery to the personal representative of the decedent and affirmatively provides for suit by persons other than passengers." Id., 1080. In regard to damages allowable under the Warsaw Convention, however, the Supreme Court determined that "an air carrier cannot be held liable under Article 17 when an accident has not caused a passenger to suffer death, physical injury, or physical manifestation of injury." EasternAirlines Inc. v. Floyd, 499 U.S. 530, 552 (1990). The court declined to decide whether a plaintiff could recover for mental injuries that are accompanied by physical injuries. Id. Despite the Supreme Court's ruling, the court in In Re Korean Airlines Disaster of September 1,1983, concluded, however, that `the Warsaw Convention permits a non-passenger, surviving close relative, who can prove actual injury to himself or herself, such as actual mental injury accompanied by physical manifestations or aggravation of a pre-existing physical conditions (sic) as a result of a[n] airplane accident, to recover for mental injury sustained." In Re Korean Airlines Disaster ofSeptember 1, 1983, supra, 807 F. Sup. 1086. The court distinguishedFloyd in that the decision in Floyd regarded mental injury to passengers and not to surviving relatives. The court noted, however, that "[m]ental anguish and grief usually do not arise out of actual injury but arise out of the shock and trying experience of coping with the death of a loved one." Id.
In determining loss of consortium the court concluded that the "the loss of love, affection and companionship of a decedent by a close relative is compensable under the Warsaw Convention." Id., 1088. Moreover, the "[l]oss of services is a compensable pecuniary loss and damages may be awarded where the value of services lost is measurable." Id., 1089.
The relevant case law is inconclusive and contradictory in respect to compensable injuries under the Warsaw Convention. Moreover, the cases discussed are distinguishable in that all of the damages were suffered as a result of the death of a passenger, and after there had been a finding of "willful misconduct" on the part of the airline. In the present case, however, Basil Jones has claimed damages as a result of only the injury suffered by his wife. The case law that allows for mental injury to be compensable requires that it be accompanied by a physical manifestation, which has not been alleged by the plaintiff. In order to support a special defense it is only necessary for the court to determine that, under the language of the Warsaw Convention and the relevant case law, Basil Jones' claims may be partially or fully barred. CT Page 167
In accordance with the discussion above, the damages Basil Jones has alleged may not be fully compensable under the Warsaw Convention. The limitation of liability under the Warsaw Convention, as discussed above, also applies to counts three and four. Therefore, the defendant's use of the Warsaw Convention as a special defense may operate as a bar or a limitation on counts three and four of the plaintiffs' complaint. Accordingly, the plaintiffs' motion to strike the defendant's special defense is denied.