[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On April 4, 1994, the plaintiff, Anthony Vitti, filed a complaint against the defendant, Allstate Insurance Company ("Allstate"), alleging that Allstate breached its obligations under the insurance contract entered into by the parties. Vitti alleges the following facts in his complaint. CT Page 1800
On March 13, 1990, Vitti suffered injuries in an automobile accident that occurred on Main Street in Danbury, Connecticut. Pamela L. Ruokonen allegedly smashed her southbound car into the northbound Vitti vehicle when she attempted to make a left hand turn in front of Vitti.[1] Vitti alleges that Ruokonen's carelessness and negligence caused the collision. As a result of the collision, Vitti suffered numerous severe physical and mental injuries, incurred medical expenses and suffered a substantial economic loss. Vitti alleges that Ruokonen failed to carry sufficient liability insurance on her vehicle to fully compensate Vitti. Thus, Vitti asserts Ruokonen is underinsured.
At the time of the collision, Vitti was covered under an automobile liability policy issued by Allstate which provided for uninsured/underinsured motorist benefits. Vitti made a demand against the underinsured portion of the policy and, to date, Vitti alleges that Allstate has breached its duties under the policy by failing and refusing to pay said underinsured claim. As a result, Vitti alleges money damages are due.
On September 12, 1994, Allstate filed an answer and three special defenses: (1) setoff; (2) collateral source and other third party payments; and (3) "any credits due the defendant" against the $200,000 in total coverage available to the plaintiff. On September 29, 1994, Vitti filed a motion to strike all three of Allstate's special defenses on the grounds "that the above Special Defenses of the Defendant fail to state claims upon which relief can be granted." Allstate has not filed any objection to the motion.
"A motion to strike challenges the legal sufficiency of a pleading. Practice Book 152." Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985). In ruling on a motion to strike, the court has an obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency.Connecticut National Bank v. Douglas, 221 Conn. 530, 536,606 A.2d 684 (1992). "[A]ll well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." Amodio v.Cunningham, 182 Conn. 80, 83, 438 A.2d 6 (1980). A motion to strike should be granted where a pleading on its face is legally insufficient. Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). CT Page 1801
Vitti argues that Allstate's first special defense of setoff is inappropriate in an action on an underinsured motorist policy. As to Allstate's second special defense of collateral source and other third party payments, Vitti asserts that the pleading of these matters is improper since they should be addressed post-verdict under General Statutes, Sec. 52-225b. Vitti also argues in support of his motion to strike the third special defense asserting "credits" that third party payments do not reduce the amount of coverage provided under a policy of insurance. Therefore, he requests that the court strike all three of Allstate's special defenses as legally insufficient.
I. FIRST SPECIAL DEFENSE — SETOFF
Allstate's first special defense alleges that it is entitled to a setoff from the trier of fact's ultimate award of damages against it by the amount of basic reparation benefits it has paid under its policy.
"The law of setoff is governed by General Statutes 52-139. The relevant portion of that statute provides: `(a) In any action brought for the recovery of a debt, if there are mutual debts
between the plaintiff or plaintiffs, or any of them, and the defendant or defendants, or any of them, one debt may be set off against the other.' A condition precedent to the application of52-139 is that the defendant's claim arise from a debt due by the plaintiff. [Citation omitted.] It is the defendant's burden to demonstrate its right of setoff by affirmatively and adequately alleging such a claim in the pleadings." Petti v. Balance RockAssociates, 12 Conn. App. 353, 362, 530 A.2d 1083 (1987). Allstate's answer and special defenses contain no allegations of an action upon a debt. Rather, it is attempting to reduce the amount of its liability by the amount of basic reparation benefits Allstate paid pursuant to the provisions of the underinsured motorist policy. "Since basic reparation benefits are not a setoff as a matter of law, they do not have to be specially pleaded." Neverisky v. Masi, Superior Court, JD of Danbury, DN. 307943 8 CONN. L. RPTR. 713 (January 21, 1993) (Fuller, J.).
Therefore, Vitti's motion to strike Allstate's first special defense of setoff is granted.
II. SECOND SPECIAL DEFENSE — COLLATERAL SOURCE CT Page 1802
Allstate requests in its second special defense that any damages awarded to Vitti be reduced by all sums "paid because of bodily injury on behalf of persons or organizations who may be legally responsible and; (b) paid or payable because of bodily injury under any of the following or similar laws; (1) Workers' Compensation law; or (2) Disability Benefits law."
Pursuant to Practice Book, Sec. 195A, "[n]o pleading shall contain any allegations regarding receipt by a party of collateral source payments as described in General Statutes, Secs. 52-225a and 52-225b." General statutes, Sec. 52-225b
provides that "`[c]ollateral sources' means any payments made to claimant, or on his behalf, by or pursuant to: (1) Any health or sickness insurance, automobile accident insurance that provides health benefits, and any other similar insurance benefits, except life insurance benefits available to the claimant, whether purchased by him or provided by others; or (2) any contract or agreement of any group, organization, partnership or corporation to provide, pay for or reimburse the costs of hospital, medical, dental or other health care services." Health insurance payments and disability benefits are considered collateral source payments. General Statutes, Sec. 52-225b(1).
Workers' compensation benefits, however, have been held to not constitute collateral source payments within the meaning of section 52-225b. See Smith v. Otis Elevator Company,11 Conn. L. Rptr. 164, 165-66 (February 28, 1994) (Vertefeuille, J.); but seeBaystate Moving Systems, Inc. v. Bowman, 24 Conn. App. 531, 533-34,590 A.2d 462, cert. denied 220 Conn. 904, 593 A.2d 969 (1991) (appearing to consider workers' compensation payments as collateral sources). Therefore, it appears that Practice Book, Sec. 195A prohibits Allstate from specially pleading the payments Vitti received from health and disability sources and possibly workers' compensation benefits.
Despite the apparent application of Practice Book, Sec. 195A, whether workers' compensation and disability benefits received by Vitti are characterized as collateral sources within the meaning of General Statutes, Sec. 52-225b is not conclusive, for inBennett v. Automobile Ins. Co., 230 Conn. 795, 806, 646 A.2d 808
(1994), the Supreme Court held that an insurer should raise issues of contractual policy limitation by special defense.[2]
Allstate asserts in its second special defense that a policy limitation, presumably contained in the contract of insurance, CT Page 1803 exists as to all monies paid to Vitti by legally responsible organizations and paid under workers' compensation or disability benefits schemes. In this case, the limitation of liability arises from the express terms of the insurance contract, not by way of statute or the Practice Book. See New England Savings Bankv. FTN Properties Ltd. Partnership, 32 Conn. App. 143, 146,628 A.2d 30 (1994) (a contractual limitation of liability is appropriate and can be pleaded as a special defense). Therefore, the language of the insurance policy, not Practice Book, Sec. 195A, is controlling in this case.
Thus, Allstate's pleading of these payments is mandated byBennett as they relate to "issues of policy limitation" in the contract of insurance. Id., 806. "The fundamental purpose of a special defense, like other pleadings, is to apprise the court and opposing counsel of the issues to be tried, so that basic issues are not concealed until the trial is underway." Id., 802.
Allstate, by pleading these third party payments, is putting Vitti and the court on notice that it intends to limit its liability pursuant to its policy of insurance. Absent a factual dispute concerning the terms of the policy, the court, post-trial, will appropriately reduce the jury's verdict by the third party payments made to Vitti. Id., 803-04 n. 17; see also General Statutes, Sec. 52-225a(b). Further, since the court, and not the jury, considers any reduction in liability after trial, Vitti would not be prejudiced by the inclusion of the third party payment allegations as a special defense.[3] Id., 803-04 n. 17.
Therefore, Vitti's motion to strike Allstate's second special defense is denied.
III. THIRD SPECIAL DEFENSE — CREDITS DUE THE DEFENDANT
In its third special defense Allstate pleads that the $200,000 coverage it provided to Vitti must be reduced by any credits due them under the policy. In Smith v. Safeco Ins. Co. ofAmerica, 225 Conn. 566, 573-74, 624 A.2d 892 (1993), the Supreme Court held that third party payments made to the plaintiff can reduce the amount of damages that an injured plaintiff can recover, but they cannot diminish the amount of coverage provided under the policy of insurance.
Applying this holding to the present case, Allstate would be entitled to "credits" against the $200,000 policy only if the CT Page 1804 jury's verdict, minus any collateral source or third party payments, amounted to a dollar figure of less than $200,000. If that result were to occur, the court, post-judgment, pursuant to the mandates of Bennett and General Statutes, Sec. 52-225a(b), would adjust the verdict accordingly, to reflect the net figure that would be due Vitti under the terms of the policy. Such an adjustment amounts to an "issue of policy limitation" since it serves to limit the total amount Vitti can recover from Allstate under the insurance policy. Therefore, "credits" due should be pleaded as a special defense. Bennett v. Automobile Ins. Co. ofHartford, supra, 806.
Based on the foregoing, Vitti's motion to strike Allstate's third special defense is denied.
IV. CONCLUSION
To summarize, the court grants Vitti's motion to strike Allstate's first special defense of setoff and denies Vitti's motion to strike Allstate's second and third special defenses of collateral source/third party payments and "credit" against the policy limits.