[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED AUGUST 1, 1995
The present case arises out of a motor CT Page 9950 vehicle accident. The plaintiff alleges that he sustained injuries when the vehicle in which he was seated as a passenger was struck from behind by a vehicle operated by the defendant. On April 17, 1995, the defendant filed an answer and five special defenses sounding in contributory negligence, unavoidable accident, sudden emergency and failure to wear a seat belt.
On May 25, 1995, the plaintiff filed a motion to strike (#115) the third special defense, which alleges an unavoidable accident, and the fifth special defense, in which the defendant alleges that the plaintiff failed to wear a seat belt. On June 20, 1995, the defendant filed a memorandum in opposition. At short calendar, on July 10, 1995, the defendant consented to the striking of the fifth special defense.
A motion to strike may be used to test the legal sufficiency of a special defense. Practice Book § 152(5);Nowak v. Nowak, 175 Conn. 112, 116 (1978). In ruling on a motion to strike, the court is limited to the facts alleged in the pleading; Rowe v. Godou, 209 Conn. 273,278 (1988); which must be construed in the light most favorable to the pleader. Gordon v. BridgeportHospital, 208 Conn. 161, 171 (1988).
Section 165 of the Practice Book "draws a line between those facts which must be pleaded by way of [a] special defense and those facts which may be proven under a simple denial. Under Connecticut practice, facts tending to show that there was a sudden emergency or unavoidable accident can be proven under a simple denial since they bear on the degree of care required by that person confronted with the emergency." Silvernail v. Barsalou, Superior Court, JD of Hartford/New Britain at Hartford, DN 513412, 8 CONN. L. RPTR. 70 (December 10, 1992) (Wagner, J.). "The so-called defense of inevitable or unavoidable accident is nothing more than a denial by [the defendant] of his negligence, or a contention that [the defendant's] negligence, if any, was not the proximate cause of the injury." Tomczuk v. Alvarez, 184 Conn. 182. 190-91 (1981). Thus, a defendant does not have to specially plead unavoidable accident as a special CT Page 9951 defense.
Generally, if a special defense is filed where a simple denial would suffice, the defendant assumes the burden of proof with respect to that special defense. SeeAtlantic Richfield Co. v. Canaan Oil Co., 202 Conn. 234,237 (1987). The plaintiff could have let the unavoidable accident special defense stand, and let the defendant assume the burden of proof on that issue. However, the plaintiff chose to challenge the legal sufficiency of the special defense. In Silvernail v.Barsalou, the court noted that "[w]hile no great harm would result by permitting [the special defense] to remain in the case, and some judges have so permitted them, the better practice seems to require that such issues be raised and pleaded under a simple denial of negligence." Id. The court went on to strike the defendant's unavoidable accident special defense. Id.
In the present case, striking the special defense seems to be the better course of action in light of the holdings in Tomczuk v. Alvarez and Silvernail v.Barsalou. Therefore, the court grants the plaintiff's motion to strike the third special defense.