[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE #108
This action arises out of a motor vehicle accident that occurred November 19, 1993 between the plaintiffs car and a vehicle being driven by Wallace Marchand. Marchand carried liability insurance with bodily injury limits of $50,000 a person and $100,000 an accident. Marchand's insurance carrier paid $50,000 to the plaintiff; however, the plaintiff claims that this amount is not sufficient to compensate her for her injuries. Accordingly, the plaintiff brought suit against her insurance carrier, the defendant, American Economy Insurance, seeking underinsured motorist benefits.
On March 8, 1996, the defendant filed its answer to the plaintiff's complaint alleging three special defenses. The defendant alleges in the first special defense that the amount of underinsured motorist benefits available to the plaintiff under the policy are limited to $300,000 less any other collateral amounts already received by the plaintiff. In the second and third special defenses, the defendant alleges the theories of sudden emergency and unavoidable accident, respectively. On March 12, 1996, the plaintiff filed a motion to strike the defendant's three special defenses.
A motion to strike tests the legal sufficiency of a special defense. Practice Book § 152(5); Nowak v. Nowak, 175 Conn. 112,116 (1978). In ruling on a motion to strike, the court is limited to the facts alleged in the pleading; Rowe v. Godou,209 Conn. 273, 278 (1988); which must be construed in the light most favorable to the pleader. Gordon v. Bridgeport Hospital,208 Conn. 161, 171 (1988).
The defendant alleges in its first special defense that the underinsured motorist benefits available to the plaintiff under the policy are limited to $300,000 less any collateral source payments received by the plaintiff. Although Practice Book § CT Page 3548 195A states that "no pleading shall contain any allegations regarding receipt by a party of collateral source payments as described in [General Statutes] § 52-225b[,]" the court inBennett v. Automobile Ins. Co. of Hartford, 230 Conn. 795, 806
(1994) held that "an insurer should raise issues of policy limitation . . . by special defense." In the present case, the defendant asserts that the terms of the policy limit the amount of benefits available to the plaintiff to $300,000 less any collateral source payments. Therefore, this allegation raises the issue of policy limitation and must be alleged as a special defense according to Bennett v. Automobile Ins. Co. of Hartford,
supra. See also Vitti v. Allstate Ins. Co., Superior Court, Judicial District of Danbury, Docket No. 316543 (March 1, 1995, Leheny, J., 13 Conn. L. Rptr. 538, 540) (holding that a defendant insurance company must plead collateral source payments as a special defense in an underinsured motorist case to put the court and the plaintiff on notice that it intends to limit its liability according to the terms of its policy). Therefore, the court denies the plaintiff's motion to strike the defendant's first special defense.
The defendant alleges the theory of sudden emergency in its second special defense. In Silvernail v. Barsalou, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 513412 (December 10, 1992, Wagner, J.) the court held, in a personal injury action arising out of a motor vehicle accident, that the issue of sudden emergency should be pleaded as a simple denial to the plaintiff's negligence allegations. Accordingly, the court granted the plaintiff's motion to strike the defendant's special defense of sudden emergency. Id. Since the facts of the present case are similar to Silvernail v.Barsalou, the court grants the plaintiff's motion to strike the defendant's second special defense.
The defendant's third special defense concerns the theory of unavoidable accident. In Bikakis v. Alcock, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 313691 (August 1, 1995, Freedman, J., 15 Conn. L. Rptr. 161), a case similar to the present case, this court granted the plaintiff's motion to strike the defendant's special defense of unavoidable accident because the defendant should also plead this issue as a simple denial. Therefore, the court follows the holding ofBikakis v. Alcock, supra, and grants the plaintiff's motion to strike the defendant's third special defense. CT Page 3549
The motion to strike the defendant's first special defense is denied. The motion to strike the defendant's second and third special defenses is granted.
Samuel S. Freedman, Judge