[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO REARGUE #113
The plaintiff moves to reargue this court's denial of her motion to strike the defendant's special defense. The defendant, American Economy Insurance, has specially pleaded in its answer that "[t]he amount of underinsured motorist benefits available to the plaintiff under the policy issued to her by the defendant are limited to the policy limits of $300,000, reduced by the following amounts: . . . [a]ny collateral sources as defined in Conn. Gen. Stat. § 52-225b. . . ." On April 26, 1996, this court denied the plaintiff's motion to strike because according to Bennett v. Automobile Ins. Co. of Hartford, 230 Conn. 795, 806
(1994) and Vitti v. Allstate Ins. Co., Superior Court, Judicial District of Danbury, Docket No. 316543 (March 1, 1995, Leheny, J., 13 Conn. L. Rptr. 538, 540), the defendant must specially plead any issues of policy limitation.
On a motion to strike the court is limited to the facts alleged in the pleading and must construe those facts in the light most favorable to the pleader. Rowe v. Godou, 209 Conn. 273,278 (1988); Gordon v. Bridgeport Hospital, 208 Conn. 161,170 (1988). The court must assume that the defendant's insurance policy contains the policy limitation alleged in its special defense. See Connecticut National Bank v. Douglas, 221 Conn. 530,536 (1992).
In the present case, assuming the truth of the defendant's special defense, the defendant has alleged that its policy requires a reduction in the amount of coverage available to the plaintiff by any collateral source payments received by the plaintiff. By pleading this special defense, the defendant has placed the plaintiff on notice that it will be raising the issue of policy limitation in the case. Although the defendant's special defense indicates that its policy contains a limitation clause that may conflict with § 52-225a and Smith v. SafecoIns. Co. of America, 225 Conn. 566, 574 (1993), the court is not permitted to review the policy to determine its validity, and subsequently the validity of the defendant's special defense, on a motion to strike. See Liljedahl Bros., Inc. v. Grigsby,215 Conn. 345, 348 (1990). The plaintiff could better attack the policy limitation on a motion for summary judgment, thus allowing a court to determine the validity of the policy's terms and, subsequently, the appropriateness of the special defense. Moreover, if the clause does not exist, the plaintiff may also attack the sufficiency of the special defense on a motion for summary judgment. Boucher Agency, Inc. v. Zimmer, 160 Conn. 404, CT Page 4403 409 (1971). Therefore, the court denies the plaintiff's motion to reargue.
Samuel S. Freedman, Judge