[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed September 6, 1996
On March 22, 1996, plaintiff Bruce Ouellette filed a complaint against defendant Patriot General Insurance Co. Plaintiff claimed to have been injured by a hit-and-run driver. Plaintiff was insured by defendant at the time of the accident and seeks to recover under his uninsured motorist coverage.
Defendant's answer to the complaint raises three special defenses. Plaintiff moves herein to strike defendant's second and third special defenses. Defendant's second special defense reads as follows: CT Page 5406
 In the event that the trier of fact awards damages as against Patriot General Insurance Company for personal injury and/or economic damages to compensate this plaintiff, the maximum amount the plaintiff is entitled to receive and Patriot General Insurance Company will pay in damages for all claims by the plaintiff for bodily injuries is $20,000.00, the limit of uninsured motorist coverage for "each person."
Defendant's third special defense states:
 In the event that the trier of fact awards damages as against Patriot General Insurance Company for personal injury and/or economic damages to compensate this plaintiff, Patriot General Insurance Company is entitled to a set off from any such award any sum of money Patriot General has paid out to the plaintiff in basic reparations benefits.
Whether or not it is appropriate, or perhaps required, to raise issues of policy limitation by way of special defense is discussed in Bennett v. Automobile Ins. Co. of Hartford,230 Conn. 795, A.2d (1994). This case has apparently caused some confusion which is reflected in a current split in decisions as to its correct interpretation. This court agrees with Judge Corradino's analysts wherein the court identifies the cause of the confusion:
 . . . It is no doubt true that "the purpose of a special defense is to plead facts which are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v. Bassman, 221 Conn. 465, 472 (1992), which cites P.B. 164. The First Special Defense does not in fact assert that plaintiff has no cause of action but rather seeks to reduce the amount of damages. That logic ties in neatly with the collateral source rule and would at first blush seem to dictate that the special defense here should be stricken.
 But P.B. 164 is a rule not of substantive law but of procedure and procedural rules, just as the application of the collateral source doctrine can be modified by statute and contract. P.B. 164 is in effect amended by caselaw which refers to a concept known as "partial CT Page 5407 release of liability."
 This would explain what would otherwise seem a confusing line of cases that seem to allow special defenses where there is no claim the entire cause of action should fail. Thus it is said "a limitation of liability, whether contractual or statutory, is, in substance and effect, a partial release of liability, and as such is properly the subject of a special defense." (Emphasis added.) New England Savings Bank v. FTN Properties Limited Partnership, 32 Conn. App. 143, 1346 (1993).
 Thus in Bennett, a case where the plaintiff was seeking to enforce an insurance contract, the defendant company should have pleaded what in effect was a contractual limitation on liability as a special defense, cf. Northnagle v. New York, N.H. H.R. Co., 139 Conn. 278, 279-80 (1952). Likewise, a specific statute limiting liability to a specific amount in a suit against a town was pleaded as a special defense although the special defense did not claim the whole cause of action should fail, Ryszkiewicz v. New Britain, 193 Conn. 589, 591 (1984); Amenta v. Nationwide Property and Casualty Ins. Co., 9 CONN. L. RPTR. 470, 8 CSCR 915.
Palmieri v. Nationwide Mutual Ins. Co., 1994 Ct. Sup. 1601,1603-4, 11 CONN. L. RPTR. 88, 9 CSCR 248 (Corradino, J.).
The court goes on to discuss the legitimate concern that failure to raise limitations by special defense would result in the waiver of matters which could not be put before the jury. Bennett has considered these problems. The facts of that case cast the issues in a light which resulted in the Supreme Court's belief that it should enunciate a rule for the future ". . . pursuant to our supervisory authority over the administration of justice [citation omitted] to hold that henceforth an insurer should raise issues of policy limitation, even when undisputed, by special defense . . . Compliance with this procedure will place thetrial court and the opposing party on proper notice of the policylimitation issue so that it may be resolved in accordance with§ 38a-336(b)."
 Bennett sought to clarify what appeared to be an ambiguity by suggesting a procedural solution. To plead the special defense puts all parties on notice, creates no prejudice to the plaintiff CT Page 5408 and avoids the need for litigation postjudgment. The defendant has followed the wiser course in following the teaching ofBennett. Accordingly, plaintiff's motion to strike defendant's special defense is hereby denied.
DUNNELL, J.