[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #147
The plaintiff, Dy Vilayvong, moves to strike the special defenses of the defendants, KLLM, Inc. and David Nicholson, on the grounds that the special defenses are denials and should not be raised in a special defense, or are legally insufficient.
The first special defense alleges sudden emergency, which "should be pleaded as a simple denial to the plaintiff's negligence allegations." Gold v. American Economy InsuranceCompany, Superior Court, judicial district of New Haven at New Haven, Docket No. 380475 (April 26, 1996, Freedman, J.). See also Bikakis v. Alcock, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 313691 (August 1, 1995, Freedman, J.) (15 Conn. L. Rptr. 161, 162) (Under Connecticut practice, facts tending to show that there was a sudden emergency or unavoidable accident can be proven under a simple denial); Mazza v. Alcock, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 320421 (June 17, 1996, Groggins, J.).
The second and third special defenses allege unavoidable accident, which in essence is a claim that the accident was caused by the negligence of others, which would be admissible under a denial. McCoy v. Vuolo, Superior Court, judicial district of New Haven at New Haven, Docket No. 316972 (April 7, 1995, Hodgson, J.). See also Gold v. American EconomyInsurance Company, supra, Superior Court, Docket No. 380475 (court followed Bikakis v. Alcock, supra, 15 Conn. L. Rptr. 162, in granting plaintiff's motion to strike special defense of unavoidable accident because defendant should also plead this issue as a simple denial); Mazza v. Alcock, supra17 Conn. L. Rptr. 221 (the so-called defense of unavoidable accident is nothing more than a denial of the defendant's negligence, citing CT Page 9395Tom C. Zuk v. Alvarez, 184 Conn. 182, 190, 439 A.2d 935
(1981)).
The defendants' fourth special defense seeks to impute their own negligence, if any, onto the driver of the automobile in which the plaintiff was a passenger. This can be raised by a simple denial. Price v. McHugh Post 4740, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 383863 (May 17, 1994, Corradino, J.).
Accordingly, the motion to strike is granted.
Ford, Judge