[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#104)
The plaintiffs, Michael Devlin and Eleanor Devlin (Devlin), filed a complaint on June 15, 1998 against Homechek Real Estate Services (Homechek) and Bill Cambria, alleging in three counts that the defendants failed to properly inspect property which the plaintiffs ultimately bought. The complaint, counts one through three, alleges causes of action for negligence, breach of contract and a violation of General Statutes § 42-110a et seq., the Connecticut Unfair Trade Practices Act (CUTPA), respectively.
Homechek filed an answer and special defense on August 20, 1998. Devlin then filed a request to revise the special defense on August 31, 1998. Homechek filed a revised answer and special defense as to all counts on September 3, 1998 contending that "[t]he parties agreed in writing, as part of their mutual undertakings, that, in the event that Defendant Homechek was deemed liable to the plaintiffs, or to either of them, that its liability would be limited." Defendant's Revised Answer And Special Defense.
Devlin then filed a motion to strike the special defense as to all three counts. As required by Practice Book § 155, now Practice Book (1998 Rev.) § 10-42, Devlin filed an accompanying memorandum of law in support of its motion to strike and Homechek filed the required objection. Homechek thereafter filed a supplemental memorandum of law in objection to Devlin's motion to strike on November 17, 1998.
"[A] plaintiff can [move to strike] a special defense. . . ."Nowak v. Nowak, 175 Conn. 112, 116, 394 A.2d 716 (1978); see alsoConnecticut National Bank v. Voog, 233 Conn. 352, 354-55,659 A.2d 172 (1995); Girard v. Weiss, 43 Conn. App. 397, 417,682 A.2d 1078, cert. denied, 239 Conn. 946, 686 A.2d 121 (1996). "In . . . ruling on the . . . motion to strike, the trial court CT Page 856 recognized its obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency."Connecticut National Bank v. Douglas, 221 Conn. 530, 536,606 A.2d 684 (1992).
Devlin moves to strike the special defense as to count one on the ground that "Connecticut law does not allow for the exclusion or disclaimer of liability for negligence through contract." Plaintiff's Motion To Strike. Devlin moves to strike the special defense as to count two on the ground that "a party who has materially breached a fundamental clause of a contract cannot insist upon the enforcement of the subordinate clause of that same contract." Plaintiff's Motion To Strike. At oral argument the parties agreed to strike the special defense as to count three the CUTPA claim.
Homechek argues that its special defense should not be stricken as to count one because the contract has limited Homechek's liability and not totally excluded Homechek from liability, something allowed under Connecticut law. Homechek argues that its special defense should not be stricken as to count two because even though the contract was allegedly not properly performed by Homechek, Connecticut law does not view proper performance as a condition precedent to enforcing a clause, namely the limitation of liability clause, under a contract.
Count One
Devlin's motion to strike Homechek's special defense as to count one is denied. "Facts which are consistent with [the facts alleged in the complaint] but show, notwithstanding, that [the plaintiff] has no cause of action must be specifically alleged. . . . A limitation of liability, whether contractual or statutory, is, in substance and effect, a partial release of liability and, as such, is properly the subject of a special defense. . . ." (Brackets in original; citations omitted.) NewEngland Savings Bank v. FTN Properties Limited Partnership EtAl., 32 Conn. App. 143, 146, 628 A.2d 30 (1993).
"Courts have shown a tendency to hold [preprinted form] contracts . . . against public policy when entered into by professional service providers in the course of dealing with the general public. . . . Such provisions have been upheld, however, CT Page 857 under appropriate conditions, such as the assent of both parties." (Citation omitted.) Mattegat v. Klopfenstein,50 Conn. App. 97, 103-04, ___ A.2d ___ (1998); see also Blumm v.Housemaster of America, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 106903 (March 12, 1992,Nigro, J.) (7 CSCR 398) (under circumstances where defendant didn't review, explain or furnish a copy of inspection agreement to plaintiff "any claimed limitation of liability insofar as it attempts to exempt the defendants from their negligence is a nullity.")
Applying the law to the facts of this case it is apparent that Homechek properly raised the limitation of liability clause as a special defense. Whether the clause is enforceable is an issue that will have to be determined at a later date once more evidence has been gathered. The decisional language of Mattegatv. Klopfenstein, supra, 50 Conn. App. 103-04, certainly suggests that where there has been mutual assent limitation of liability clauses will be upheld. Accordingly, Devlin's motion to strike Homechek's special defense as to count one is denied.
Count Two
Devlin's motion to strike Homechek's special defense as to count two is denied. "The intention of the parties in executing a contract is a question of fact. . . ." (Citation omitted.)McClintock v. Rivard, 219 Conn. 417, 431, 593 A.2d 1375 (1991). "Whether a clause is a contingency or a promise is a question of intent of the parties, to be determined, as a matter of fact, from the language of the contract, the circumstances attending its negotiation, and the conduct of the parties in relation thereto. . . ." (Citation omitted; internal quotation marks omitted.) Ballard v. Asset Recovery Management Co., Superior Court, judicial district of Litchfield at Litchfield, Docket No. 063755 (February 7, 1997, Walsh, J.).
Applying the law to the facts of this case Homechek may properly assert the limitation of liability clause as a special defense because whether the home inspection is a condition precedent to enforcement of the contract is a question of fact. There is no case law to support the proposition that Homechek cannot assert the special defense of limitation of liability as a matter of law. At trial Devlin can, however, try to prove that proper performance of the home inspection is a condition precedent to enforcement of the contract and the limitation of CT Page 858 liability clause. Accordingly, Devlin's motion to strike Homechek's special defense as to count two is denied.
Karazin, J.