[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Presently before the court is third party plaintiff's motion to strike the third party defendant's special defense. The motion to strike should be denied.
On June 29, 1998, the plaintiff, Tammy Eaton, filed the present action, in the form of a one-count complaint, for personal injuries sustained on January 25, 1997, when the elevator she was riding in malfunctioned. The subject elevator services a public parking garage located at 215 Crown Street in New Haven. The defendant, the New Haven Parking Authority (Parking Authority), allegedly is, and at all relevant times was, the "owner in possession and control" of the garage.
On October 7, 1999, the Parking Authority filed a motion to implead a third party defendant, Schindler Elevator Corporation (Schindler), alleging that Schindler "is or may be liable for all or part of the plaintiff's claims," which motion was granted by the court, Alander,J., on October 25, 1999. The Parking Authority filed a third party complaint in negligence against Schindler on November 18, 1999.
On December 14, 1999, Schindler filed an answer and special defense to the third party complaint. The special defense asserts: "The New [Haven] Parking Authority's right to seek indemnification from Schindler is contractually limited by an agreement that the New Haven Parking Authority entered into with Schindler concerning the maintenance of the elevators located at the Crown Street Parking Garage. This agreement is known as a Preventive Maintenance Agreement ("Agreement"). . . . According to that Agreement, Schindler's liability for damages of any kind is limited to the annual contract price of the Agreement. In addition, Schindler is not responsible for CT Page 5035 special, indirect, incidental or consequential damages. Accordingly, New Haven Parking Authority may only seek indemnification from Schindler in an amount not to exceed the annual price of the Agreement." The Agreement specifically provides as follows: "We willnot be liable for damages of any kind regardless of the form ofaction in any amount in excess of the annual price of the Agreement.We will not be liable in any event for special, indirect, incidentalor consequential damages." (Emphasis added.) (October 21, 1993 Preventive Maintenance Agreement, § 7, attached to Schindler's Answer and Special Defense.)
On January 7, 2000, the Parking Authority filed a motion to strike Schindler's special defense, as well as a memorandum of law in support thereof. Although no grounds were cited on the face of the motion,[1] the supporting memorandum of law argued that Schindler's special defense should be stricken on public policy grounds.
On February 3, 2000, Schindler filed an objection to the Parking Authority's motion to strike, arguing that "Schindler's special defense is legally sufficient under Connecticut law because it alleges facts consistent with the third party plaintiff's complaint and notwithstanding, shows that Schindler's duty to indemnify the Parking Authority has been limited to the price of the contract. This limitation of liability is properly the subject of a special defense. . . . Schindler is not attempting to exempt or limit itself from liability for personal injuries sustained by members of the general public. Rather, Schindler is affirmatively alleging that its liability on the third-party claim is limited by the fact that the parties contracted to limit Schindler's liability to the Parking Authority." (Schindler's Objection.) Schindler's objection was accompanied by a supporting memorandum of law.
Both parties addressed limitation of liability clauses, as well as liquidated damages clauses, in their respective briefs.
Practice Book § 10-39 provides in pertinent part: "Whenever any party wishes to contest . . . the legal sufficiency of any answer to any complaint, counterclaim or cross complaint, or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof." "[A] plaintiff can [move to strike] a special defense. . . ." Nowak v. Nowak, 175 Conn. 112, 116, see GMAC Mortgage Corp. v.Nieves, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 164925 (January 29, 1999, Tobin, J.) ("[a] motion to strike is the proper vehicle . . . to contest the legal CT Page 5036 sufficiency of any special defense contained in an answer to the complaint"). "In its ruling on the [plaintiff's] motion to strike, the trial court [has an] obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency."Connecticut National Bank v. Douglas, 221 Conn. 530, 536.
"A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. . . . The allegations of a [pleading] subject to a motion to strike are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support . . . a cause of action, the motion to strike must fail." Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 588. Thus, "[a] motion to strike is properly granted if the [pleading] alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215.
"A release of liability must be pleaded as a special defense. . . . Facts which are consistent with [the facts alleged in the complaint] but show, notwithstanding, that [the plaintiff] has no cause of action, must be specially alleged. . . . A limitation of liability, whether contractual or statutory, is, in substance and effect, a partial release of liability and, as such, is properly the subject of a special defense." New England Savings Bank v. FTN Properties Ltd.Partnership, 32 Conn. App. 143, 146. The enforceability of a limitation of liability clause is an issue of fact which cannot be determined until evidence has been gathered. See Devlin v. HomecheckReal Estate, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 0166114 (January 5, 1999, Karazin, J.) (denial of plaintiff's motion to strike defendant's special defense which raised limitation of liability clause).
The contract provision at issue in this case is clearly a limitation of liability provision. As such, the court will not address the parties' arguments concerning liquidated damages clauses.[2] "Although ordinarily the question of contract interpretation, being a question of the parties' intent, is a question of fact . . . [w]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law." Pesino v. Atlantic Bank of NewYork, 244 Conn. 85, 91-92. The language of the limitation of liability clause is clear and unambiguous; both the Parking Authority and Schindler agreed that the liability of Schindler, to the ParkingCT Page 5037Authority, would be limited to the price of the elevator agreement.
"The law does not favor contract provisions which relieve a person from his own negligence. . . . Courts have shown a tendency to hold [that preprinted form] contracts . . . [are] against public policy when entered into by professional service providers in the course of dealing with the general public. . . . Such provisions have been upheld, however, under appropriate conditions, such as the assent of both parties." Mattegat v. Klopfenstein, supra,50 Conn. App. 103-104. The subject contract provision clearly limits the extent to which the Parking Authority may seek indemnification from Schindler. The provision does not violate public policy because it does not purport to limit Schindler's liability for negligence to members of the general public.
Accordingly, the Parking Authority's motion to strike is denied.
FRACASSE, JUDGE.